UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
KANONIE HALL, : CASE NO. 1:13-CV-00342
:
       Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 1]
696-KIDS, *et al.*, :
:
       Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* Plaintiff Kanonie Hall filed this action against "696-KIDS," "moral claims," Juvenile Court, the Cleveland Metropolitan Housing Authority ("CMHA"), Fatherhood Initiative, the Cuyahoga Community College aka "Tri-C," Chief Warren, the Illuminating Company, the City of Euclid, Parking Violation Bureau, and Joseph Landis School. In the Complaint, Plaintiff refers to several seemingly unrelated events that occurred in 2005, 2006, 2007, and 2012. He seeks monetary damages.

    Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

## I. Background

    Plaintiff lists several incidents which occurred over the span of seven years, and which do not appear to be connected. His Complaint, at times, is illegible and his allegations are not clearly stated. First, he mentions parking tickets he received in 2005 and 2006 from the City of

Cleveland.  He provides a computer print-out which suggests the fines for these unpaid tickets totaled $900.00.  Plaintiff is paying them off in installments.

Plaintiff then indicates he was residing at a house in Euclid, Ohio in 2007.  He claimed he knew a builder who performed custom cabinet work in the house and who arranged for Plaintiff to rent the property.  Plaintiff claims the owner did not pay the mortgage and the property went into foreclosure.  Plaintiff suggests there may have been a dispute over his authority to occupy the home.  He refers to a subsequent court hearing in which he produced rental receipts to convince the judge that the homeowner was lying.  He alleges the electricity in the home was turned off on September 20, 2007 due to non-payment of the bill.

Plaintiff claims Euclid police came to the property to arrest him September 27, 2007 for failing to pay a court-ordered fine on a traffic ticket.  He also suggests he was removed from the home over a dispute concerning whether he was an actual tenant in the foreclosed property.  He contends the officers treated him roughly during the arrest and told him social workers were on their way to the library to pick up his daughters.  He indicates that in his absence, the officers permitted the children's mother to go into the home and collect the girl's possessions.  He states he was released six days later, after pleading no contest to charges related to his arrest[1], and returned home to find a sticker on the door saying the residence was uninhabitable.  He claims he called a commissioner who told him he could no longer reside there.  He contends he was never properly evicted.

---

[1] Euclid Municipal Court records show Plaintiff was arrested on September 27, 2007 and charged with obstruction of official business, resisting arrest, criminal damaging and disorderly conduct.  *See City of Euclid v. Hall*, No. 07CRB01248 (Euclid Mun. Ct. case filed Oct. 2, 2007).  Euclid Municipal Court dockets can be viewed at: http://www.cityofeuclid.com.

Plaintiff indicates he filed a complaint with the Euclid Police Department on October 8, 2007, and shortly thereafter was arrested at the house from which he had been removed.  He claims the officers were angry with him and an altercation ensued during which the officers discharged their tazers at Plaintiff.  He was charged with resisting arrest and criminal trespass.  He pled no contest to criminal trespass in exchange for the dismissal of the charge for resisting arrest.

Plaintiff also includes emails he sent to an individual at the Cleveland Metropolitan Housing Authority ("CMHA") in September 2007 attempting to gain work as a general contractor to rehabilitate vacant homes.  Plaintiff does not indicate whether he ever received an answer to his emails.  He alleges in his Complaint that CMHA did not help him to obtain section eight housing.

Finally, Plaintiff indicates he was unable to finish his degree at Cuyahoga Community College because he was convicted of a felony.  He claims he went to prison for some length of time.  He also contends his van was sold and demolished and he was not given an opportunity to retrieve drawings, and tools from the vehicle.  He attaches a letter from the Dean of Student Affairs at Cuyahoga Community College dated November 1, 2012.  The letter indicates Plaintiff's community patron access to the school was revoked because his log-in credentials were used by someone who openly engaged in criminal activity on a college computer.  His presence on campus is limited to official business. He was told he could not solicit staff or students for job references, transportation or food.

## II.  Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the

-4-

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*.  This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

### III.  Analysis

Plaintiff's Complaint suffers from several fatal defects which require it to be dismissed with prejudice.  As an initial matter, Plaintiff does not state a basis for federal court jurisdiction and none is apparent on the face of the Complaint.  Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)(internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when the case raises a federal question or when diversity of citizenship exists between the parties. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity of citizenship does not exist in this case as plaintiff alleges that both he and the Defendant are residents of Ohio. See 28 U.S.C. § 1332; *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (stating that federal courts only entertain jurisdiction of cases based on diversity of citizenship under § 1332 if there is complete diversity, i.e. where no plaintiff is the citizen of the

same state as any defendant). Therefore, if federal jurisdiction exists in this case it must be because the case raises a federal question.

Here, Plaintiff does not indicate which legal claims he intends to assert, and merely states without reference to any cause of action, that his rights were violated. He does not suggest that these rights were created by federal law as opposed to state law. Nevertheless, if the Court were to construe this statement as an attempt to assert a civil rights action, this action would still be dismissed.

First, Plaintiff does not specify a constitutional right he believes the Defendants violated. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. While this Court can view Plaintiff's Complaint with a more lenient eye, it cannot divine claims which Plaintiff did not attempt to assert. His claims under § 1983 would be dismissed on this basis alone.

Even if Plaintiff had asserted a constitutional claim, he could not assert that claim against

"696-KIDS," Fatherhood Initiative, and the Illuminating Company. Because the Constitution does not directly provide for damages, Plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of Plaintiff's claims, the Court construes these claims as arising under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). A plaintiff cannot assert a claim under §1983 against a private party based on private conduct "no matter how discriminatory or wrongful" the party's conduct may have been. *Tahfs v. Proctor*, 316 F.3d 584 (6th Cir. 2003).

When a defendant is a private individual, the Sixth Circuit recognizes three tests for determining whether his or her conduct is fairly attributable to the state: (1) the public function test; (2) the state compulsion test; and (3) the nexus test. *See Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992); *Memphis Tenn. Area Local v. City of Memphis*, 2004 WL 103000 at **5 (6th Cir. Jan. 21, 2004). The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state." *Wolotsky*, 960 F.2d at 1335. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. *Id*. Finally, the nexus test requires a sufficiently close relationship between the state and the private actor so that the action taken may be attributed to the state. *Id*.

The Defendant listed as "696-KIDS" is not an individual or person. It is a telephone

-7-

number that can be called to report suspected child abuse or neglect. A telephone number is not *sui juris*, meaning it cannot sue or be sued. Moreover, Plaintiff does not allege any individual called the hotline with regard to his children, and does not include any allegations relative to this telephone number that could be construed against an actual individual or entity.

The Fatherhood Initiative and the Illuminating Company are private entities. The Fatherhood Initiative is a private non-profit organization that focuses on raising awareness about the importance of fathers, producing skill-building resources, and engaging all sectors of society around father involvement. National Fatherhood Initiative does not provide advice on legal matters related to the family court system. http://www.fatherhood.org. The Illuminating Company, also known as First Energy, is a private corporation. Plaintiff does not include allegations against the Fatherhood Initiative. His only potential allegation against First Energy is that utilities in the house in which he was residing were turned off in 2007 for non-payment. These two entities did not exercise powers traditionally exclusively reserved to the state, receive significant encouragement or coercion from the state to take a particular action, and do not have a sufficiently close relationship with the state so that their action taken may be attributed to the state. Plaintiff could not maintain a civil rights action against these Defendants under § 1983.

Moreover, any § 1983 claims based on his arrests in Euclid in 2007, his loss of custody of his daughters in 2007, his parking tickets incurred in 2005 and 2006, and his attempts in 2007 to obtain employment through CMHA, are time barred. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). The Court notes that statute of limitations is an affirmative defense that generally must be raised by the Defendants in a responsive pleading. FED.R.CIV.P.

8(c)(1); OHIO R. CIV. P. 8 (C). Where, however, the allegations in the Complaint on their face demonstrate that the action is barred by the affirmative defense of statute of limitations, the Court may dismiss the claims for failure to state a claim upon which relief can be granted. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). Here, it is apparent on the face of the Complaint that the statute of limitations period has expired for § 1983 claims arising from incidents that took place prior to 2011.

Finally, even if Plaintiff had established federal question jurisdiction, identified a constitutional right that had been violated, and asserted a cause of action that was not barred by the applicable statute of limitations period, this action would be barred by the doctrine of *res judicata*. Plaintiff has filed at least two other actions which address all or some of these claims. In July 2012, Plaintiff filed *Hall v. City of Cleveland Moral Claims Division*, No. 1:12 CV 1780 (N.D. Ohio Oct. 31, 2012)(Oliver, J.), in which Plaintiff sought relief from his felony conviction, his numerous parking tickets, and the sale of his vehicle prior to allowing him to reclaim his belongings. That action was dismissed pursuant to 28 U.S.C. § 1915(e) on October 31, 2012.

Plaintiff filed *Hall v. Euclid Police Department*, No. 1:11 CV 254 (N.D. Ohio Mar. 3, 2011)(Lioi, J.) on February 4, 2011. In addition to the Euclid Police Department, Plaintiff named as Defendants "696-KIDS," "Juvenile Court," CMHA, the Joseph Landis School, Child Support and the Cleveland Police Department. In that action, he alleged he was wrongfully evicted from the Euclid home, having been accused of living in a vacant foreclosed home without paying rent. He claimed he was renting the property. He alleged he had been tazered by Euclid Police Officers. He sought to vacate his parking tickets from the City of Cleveland. He

challenged custody decisions regarding his daughters. He claimed CMHA never called him for housing, and attaches many of the same documents as exhibits to that Complaint as he does in this action. That case was dismissed on March 3, 2011. Plaintiff filed an appeal of that decision on June 6, 2011. That appeal was dismissed as untimely filed on February 17, 2012.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case.

Like statute of limitations, *res judicata* is an affirmative defense. While it is also true that courts generally lack the ability to raise an affirmative defense *sua sponte*, a court may do so in "special circumstances." *Arizona v. California*, 530 U.S. 392, 412 (2000); *Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 757 (6th Cir.2003); *Holloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir.1989) (affirming a district court's *sua sponte* assertion of *res judicata* where the district court had decided the original case and adding that "a district court may invoke the doctrine of *res judicata* in the interests of, inter alia, the promotion of judicial economy"). The "special circumstance" recognized in *Arizona*, is

when "a court is on notice that it has previously decided the issue presented." *Arizona*, 530 U.S. at 412.

This case fits precisely within those circumstances. The Court takes notice of its own records and recognizes that these issues have already been addressed in the Northern District of Ohio in two prior actions. In the interests of judicial economy, this action should be dismissed under the doctrine of *res judicata*. Plaintiff cannot litigate these matters for the third time.

### IV. Conclusion

Accordingly, this action is dismissed under section 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: May 31, 2013  *s/        James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.